# Robinson and Smith *versus* White.

*Landlord and Tenant.—Barren Distress not a bar to an Action for Rent.*

In an action to recover rent, against a tenant and his surety, the defendant set up a distress and sale for the rent sued for, which the plaintiff rebutted by showing that the tenant had denied the validity of the distress, and had received back the value of the property sold. *Held,* that such a distress was no satisfaction, and consequently not a bar in an action against the principal and surety for the rent.

ERROR to the Common Pleas of *Warren county.*

This was an action of *assumpsit* by Orange White against Elijah Robinson and Jonathan Smith. The case was this:—On the 26th of February 1854, White rented to Smith, with twelve cows and ox team, for three years from the 1st of May 1854, on certain conditions contained in the lease, to the first of which the following agreement was added:—

"I hereby bind myself to the aforesaid White for the true and faithful performance of the aforesaid agreement on the part of

[Robinson *v.* White.]

the aforesaid Smith; in case Smith should die within the three years, I agree to pay up to that time, and deliver the property to White as above stated.

" JONATHAN SMITH.
" ELIJAH ROBINSON.

" Sugar Grove, Feb. 26th 1851."

On the trial, after the evidence had been heard, the parties, by their counsel, agreed on the following facts, to be considered as a special verdict :—

" On the 26th February 1851, an agreement of lease was executed between Orange White and Jonathan Smith, *pro ut* same as given in evidence, and same day agreement of guaranty, signed by Elijah Robinson and Jonathan Smith, offered *pro ut same*, that on the 12th day of January, A. D. 1853, the sum of $86 was due upon the said lease and unpaid. On the 3d day of January, A. D. 1853, Orange White issued a landlord's warrant, distraining property of Smith's, and on the 27th January 1853, sold the same for a sum sufficient to cover the rent. To June Term 1853, of Warren County Common Pleas, Smith brought an action of trespass against White for the property distrained, on the ground that the distress was illegal; and in that suit a verdict was had, and judgment rendered thereon for the sum of $91.50 against White, and in favour of Smith, and the same has been fully paid and satisfied by said White. If the court be of opinion, on the foregoing facts, that plaintiff recover, then find for plaintiff $86, and interest from January 1st 1853; if not, then find for defendant."

The court below (R. BROWN, P. J.) directed the entry of judgment for the plaintiff on the special verdict.

The defendant thereupon sued out this writ, assigning here as cause for reversing the judgment of the court below :—

1. That the court erred in rendering judgment in favour of the plaintiff below; and

2. In saying, the distress, sale, &c., is no payment so far as Smith is concerned, neither can it be as to Robinson, &c.

*L. D. Wetmore,* for plaintiff in error, cited Freeman *v.* Caldwell, 10 Watts 9, and argued that as the proceeding by the landlord under the Act of March 21st 1772, by distress, notice, and appraisement and sale, was a *quasi judicial* proceeding and judicial sale, the rent was thereby satisfied and paid as between landlord and tenant, or at all events so far as Robinson was concerned, who was merely a surety for Smith, not a party to the lease, and had received no part of the consideration. The plaintiff below had potentially the means of satisfaction in his hands. There was here a levy sufficient to pay the debt, and this dis-

[Robinson *v.* White.]

charged the surety, who is not to be affected by any subsequent act between the principal parties.

*Wm. D. Brown*, for defendant in error.

The opinion of the court was delivered, May 6th 1861, by

THOMPSON, J.—The defendants below showed a distress and sale for the rent sued for. The plaintiffs rebutted by showing that Smith, one of the defendants, and the principal debtor, had denied the validity of that distress, and received from him the value of the property seized. Now, as this barren distress would not, on the authority of Quinn *v.* Wallace, 6 Whart. 467, have been sufficient to preclude a second distress for the same rent, the first having proved unavailing by the act of the party owing the rent, why should it be a bar in a suit against the same party and his bail? The plaintiff was deprived by the act of the principal from receiving satisfaction under the distress. Can the principal and surety, sued together now, aver that it was a satisfaction, although by the act of the former it was not? We surely think they cannot. It is not the case of Freeman *v.* Caldwell, 10 Watts 9. That was a case in which a stranger's property was sold, and the judgment satisfied by the bid. The failure of the title did not restore the judgment or the debt, for obvious reasons, among which was the fact that in judicial sales there is no warranty. But the failure was not by act of the defendant; he did not object to the sale of the property, and he could legally claim the satisfaction of the judgment. But here the principal debtor defeated the satisfaction, and now sets up his act to enable himself to escape ultimate liability, both to his landlord and his bail. This cannot be done.

Judgment affirmed.